## JANE MOFFITT v. JAMES SHIELDS.

*Fraud—Replevin—Tender to defendant before suit.*

A woman who has been induced through fraud to give a bill of sale of her property, supposing it to be an agreement, and on discovery of the deception practiced brings replevin, and on the trial for the first time ascertains that the defendant has conveyed to her a parcel of land, as he claims, in part payment for the property, and assumed and paid a mortgage thereon in payment of the balance of the purchase price, which claim she denies, and tenders the defendant a deed of the land, and the jury find in her favor on the facts stated,—

*Held,* that upon her theory she was not obliged to reconvey the land nor repay the money before bringing said suit.

Error to Mecosta. (Fuller, J.) Argued November 8 and 9, 1887. Decided November 10, 1887.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*J. H. Palmer* and *Jennings & Mann,* for appellant.

*Andrew Hanson,* for plaintiff.

CHAMPLIN, J. Plaintiff · brought replevin for certain articles of personal property.

The defense relied upon was a purchase of the property by defendant of plaintiff. He introduced in evidence a bill of sale signed by the plaintiff purporting to sell and transfer the property to him. He testified that he paid plaintiff by executing and delivering to her a quitclaim deed of 40 acres of land, and assumed and paid a mortgage on a portion of the property amounting to $50.

The plaintiff gave evidence tending to show that the bill of sale was obtained by defendant through deception and

fraud; that defendant agreed to loan her $50 to pay off the chattel mortgage, and give her six months' time to pay the money loaned from him; that he presented a paper for her to sign, which he told her was an agreement to pay him the money borrowed in six months; that she could not read printed words very well, and could read writing scarcely at all; that she inquired of defendant if the paper presented to her to sign was a bill of sale or a chattel mortgage, and that if it was either she would not sign it; that he answered her it was not, but was simply the agreement they had made regarding the loan of the money and time of payment; that, relying upon these representations, she signed the paper, which turned out to be a bill of sale; that she was not aware and never knew that defendant had deeded to her 40 acres of land until on the trial of the cause in the court below, when she executed a deed of the land back to him, and tendered it on the trial to defendant.

These statements of plaintiff relative to her being deceived were all controverted by the defendant.

It is sufficient to say that an issue of fact was presented to the jury, and they have found the issue in favor of plaintiff.

Two points are raised upon the argument here.

Defendant claims first that there was no evidence that he was in the actual or constructive possession of the property at the time the writ issued. There was evidence tending to show that he was in possession, and none that he was not. The question was submitted to the jury, and they found against defendant.

The second claim advanced here is that plaintiff could not maintain the action without first tendering back what she received, namely, the land and the $50.

To this it is answered that plaintiff tendered back a deed of the land as soon as she ascertained that a deed had been made to her; and, second, that she made a valid agreement with defendant for the loan of $50 for six months, which was not

due at the time the suit was commenced. This was her theory before the jury, upon which she prevailed. Under this theory, she was not obliged to reconvey the land under the facts testified to by her, nor to repay the money, before bringing the suit.

The judgment should be affirmed.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.